IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  1:15-CV-22862

DARREN NEWHART,

    Plaintiff,

v.

MONITRONICS INTERNATIONAL, INC.,
& ALLIANCE SECURITY, INC.,

    Defendants.

_____/

## DEFENDANT MONITRONICS INTERNATIONAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, MONITRONICS INTERNATIONAL, INC., (hereinafter "Monitronics") hereby files its Answer and Affirmative Defenses to the Complaint of Plaintiff, DARREN NEWHART (hereinafter "Plaintiff"), as follows:

### RESPONSE TO "JURISDICTION AND VENUE"

1.    Paragraph 1 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Monitronics admits that this Court has federal question jurisdiction over this action as Plaintiff has pleaded it.

2.    Paragraph 2 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, Monitronics denies the allegations contained in Paragraph 2 of the Complaint.

**RESPONSE TO "PARTIES"**

3. Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint, and on that basis denies them.

4. Monitronics admits the allegations contained in Paragraph 4 of the Complaint.

5. Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint, and on that basis denies them.

6. Monitronics denies the allegations in Paragraph 6 of the Complaint.

**RESPONSE TO "FACTUAL ALLEGATIONS"**

7. Monitronics denies each and every allegation contained in Paragraph 7 to the extent applicable to it; Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7, and on that basis denies them.

8. Monitronics denies each and every allegation contained in Paragraph 8 to the extent applicable to it; Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8, and on that basis denies them.

9. Monitronics denies each and every allegation contained in Paragraph 9 to the extent applicable to it; Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 9, and on that basis denies them.

10. Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint, and on that basis denies them.

11. Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint, and on that basis denies them.

12. Monitronics denies each and every allegation contained in Paragraph 12 to the extent applicable to it; Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12, and on that basis denies them.

13. Monitronics denies each and every allegation contained in Paragraph 13 to the extent applicable to it; Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13, and on that basis denies them.

14. Monitronics denies each and every allegation contained in Paragraph 14 to the extent applicable to it; Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 14, and on that basis denies them.

15. Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint, and on that basis denies them.

16. Monitronics denies each and every allegation contained in Paragraph 16 to the extent applicable to it; Monitronics lacks knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations contained in Paragraph 16, and on that basis denies them.

17. Monitronics denies the allegations contained in paragraph 17 of the Complaint.

18. Monitronics denies the allegations contained in paragraph 18 of the Complaint.

19. Monitronics denies the allegations contained in paragraph 19 of the Complaint.

**RESPONSE TO "COUNT I AS TO MONITRONICS – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §227, *et. seq.*"**

20. Monitronics denies the allegations contained in paragraph 20 of Complaint.

21. Monitronics denies the allegations contained in paragraph 21 of Complaint.

22. Monitronics denies the allegations contained in paragraph 22 of Complaint.

23. Paragraph 23 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is deemed required, Monitronics denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is deemed required, Monitronics denies the allegations contained in Paragraph 24 of the Complaint.

**RESPONSE TO COUNT II[1] AS TO ALLIANCE – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227, *et seq.***

25. Paragraph 25 of the Complaint contains allegations directed to a party other than Monitronics and thus no response is required. To the extent a response is deemed necessary, Monitronics denies each and every allegation contained in Paragraph 25 to the extent applicable to it; Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 25, and on that basis denies them.

---

[1] The Complaint mistakenly refers to both the first and second count as "Count I."

26. Paragraph 26 of the Complaint contains allegations directed to a party other than Monitronics and thus no response is required. To the extent a response is deemed necessary, Monitronics denies each and every allegation contained in Paragraph 26 to the extent applicable to it; Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 26, and on that basis denies them.

27. Paragraph 27 of the Complaint contains allegations directed to a party other than Monitronics and thus no response is required. To the extent a response is deemed necessary, Monitronics denies each and every allegation contained in Paragraph 27 to the extent applicable to it; Monitronics lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 27, and on that basis denies them.

28. Paragraph 28 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is deemed required, Monitronics denies the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is deemed required, Monitronics denies the allegations contained in Paragraph 29 of the Complaint.

The unnumbered portion of the Complaint beginning with the word, "WHEREFORE" (including subparagraphs a. through e. therein), does not contain any allegations and therefore no response is required. Should a response be deemed necessary, Monitronics denies each and every allegation in the "WHEREFORE" clause (including subparagraphs a. through e. therein) to the extent applicable to it, except admits only that Plaintiff purports to demand judgment and certain forms of relief, but denies that there is any legal or factual basis for awarding the requested relief.

Monitronics denies each and every allegation contained in the Complaint not specifically and expressly admitted above.

**AFFIRMATIVE DEFENSES**

1. The calls about which Plaintiff complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Monitronics for such calls would violate its First Amendment rights.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff is not entitled to seek or recover attorney's fees under the Telephone Consumer Protection Act.

4. Monitronics asserts the defense of the running of the applicable statute of limitations.

5. Plaintiff has "unclean hands" and is equitably barred from this action.

6. Plaintiff, by his acts and conduct, has waived any and all claims he has against Monitronics.

7. Plaintiff lacks standing to assert the claims alleged in the Complaint.

8. Plaintiff's claims are barred because Monitronics did not engage in willful and/or knowing misconduct.

9. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

10. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

11. Monitronics denies making any calls in violation of the Telephone Consumer Protection Act.

12. Monitronics further asserts, to the extent applicable, that the calls of which Plaintiff complains were invited, expressly consented to, and/or made pursuant to an established business relationship.

13. Monitronics' practices and procedures reasonably and effectively prevent telephone solicitations. Monitronics further reserves to itself all other defenses available to it under the Telephone Consumer Protection Act.

14. Monitronics denies that the calls of which Plaintiff complains were made on "its behalf," "for its benefit," or that it can otherwise be liable for such calls.

15. No telemarketing call about which Plaintiff complains was placed with or under the actual or apparent authority of Monitronics, nor did Monitronics ratify the conduct of any person or entity which placed such a call.

16. The imposition of statutory damages in this action, unrelated to any actual harm caused by the conduct alleged in the Complaint, would violate Monitronics' state and federal constitutional rights, including its rights to procedural and substantive due process.

17. Plaintiff's claims are barred in whole or in part by the acts and/or omissions of one or more third parties over which Monitronics had no control.

18. To the extent Monitronics is liable to Plaintiff, Monitronics is entitled to indemnification from one or more parties or third parties.

19. Monitronics asserts the defense of failure to join indispensable parties.

20. Monitronics lacks sufficient knowledge of all facts and evidence surrounding this incident and is, therefore, unable to ascertain at this time any additional defenses which Monitronics may have. Therefore, Monitronics expressly reserves the right to amend this Answer

to assert such other defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

## PRAYER FOR RELIEF

WHEREFORE having fully answered Plaintiff's Complaint, Monitronics prays that this Court dismiss this suit with prejudice and grant such other relief as it deems just and proper.

## JURY DEMAND

Monitronics gives notice of its reliance on Plaintiff's demand for a trial by jury contained in his Complaint.

Respectfully submitted this  27th  day of August, 2015.

>  **/s/ Scott W. Atherton**
>  Scott W. Atherton, Esq.
>  Florida Bar No. 0749591
>  Email: scott@athertonlg.com
>  Terence M. Mullen, Esq.
>  Florida Bar No. 0191957
>  Email: terence@athertonlg.com
>  ATHERTON LAW GROUP, P.A.
>  224 Datura Street, Suite 815
>  West Palm Beach, FL 33401
>  Telephone: (561) 293-2530
>  Facsimile: (561) 293-2593
>  *Counsel for Defendant*
>  *Monitronics International, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August __27th__, 2015, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on counsel of record in the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                    By:    **/s/ Scott W. Atherton**
                                                                 SCOTT W. ATHERTON
                                                                 Fla. Bar No. 0749591

## SERVICE LIST

*DARREN NEWHART v. MONITRONICS INTERNATIONAL, INC., et al.*
**Case No. 1:15-cv-22862-JAL**

**J. Dennis Card, Jr.**
Hicks, Motto & Ehrlich, P.A.
3399 PGA Blvd., Suite 300
Palm Beach Gardens, FL 33410
Telephone: (561) 683-2300
Facsimile: (561) 697-3852
dcard@hmelawfirm.com
*Attorneys for Plaintiff*